IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | : Chapter 11 |
| | : |
| WASHINGTON MUTUAL, INC., et al., | : Case No. 08-12229 (MFW) |
| | : |
| Debtors. | : |
| | : |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver, | : |
| | : No. 09-mc-00116-GMS |
| Movant, | : |
| | : BK Adv. Proc. No. 09-50551 |
| v. | : BK AP No. 09-0061 |
| | : |
| WASHINGTON MUTUAL, INC., et al., | : |
| | : |
| Respondents. | : |
| | : |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver, | : |
| | : No. 09-mc-00117-GMS |
| Movant, | : |
| | : BK Adv. Proc. No. 09-50934 |
| v. | : BK AP No. 09-0060 |
| | : |
| WASHINGTON MUTUAL, INC., et al., | : |
| | : |
| Respondents. | : |

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF THE
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER,
IN THE ALTERNATIVE, FOR LEAVE TO APPEAL**

Dated: July 31, 2009

M. Blake Cleary (Bar No. 3614)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mbcleary@ycst.com
(Additional counsel listed on signature page)
Attorneys for the FDIC-Receiver

# Table of Contents

Page

Table of Authorities .................................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT -- IF THE ORDERS ARE NOT APPEALABLE AS OF RIGHT, THIS
COURT SHOULD GRANT THE FDIC-RECEIVER LEAVE TO APPEAL............................. 2

    I.      The Debtors' Arguments Cannot Be Squared with the Text of
           Section 1821(d)(13)(D) or the Cases They Rely Upon ......................................... 2

    II.     The Other Requirements of the Collateral Order Doctrine Are
           Clearly Satisfied................................................................................................... 7

    III.    Alternatively, Leave to Appeal Should Be Granted ............................................. 9

CONCLUSION........................................................................................................................ 10

**Table of Authorities**

Page

Cases

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
   511 U.S. 863 (1994) ............................................................................................. 8-9

*F.D.I.C. v. McFarland*,
   243 F.3d 876 (5th Cir. 2001) .................................................................................... 6

*F.D.I.C. v. Shain, Schaeffer & Rafanello*,
   944 F.2d 129 (3d Cir. 1991) ..................................................................................... 9

*Henrichs v. Valley View Dev.*,
   474 F.3d 609 (9th Cir. 2007) ................................................................................ 5-6

*Hudson United Bank v. Chase Manhattan Bank*,
   43 F.3d 843 (3d Cir. 1994) ............................................................................. 5, 7, 9

*Lauro Lines S.R.L. v. Chasser*,
   490 U.S. 495 (1989) .................................................................................................. 9

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) ............................................................................................. 8, 9

*Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*,
   28 F.3d 376 (3d Cir. 1994) ................................................................................... 2, 8

*Praxis Props. Inc. v. Colonial Sav. Bank*,
   947 F.2d 49 (3d Cir. 1991) ................................................................................... 7, 9

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
   506 U.S. 139 (1992) .................................................................................................. 8

*Rosa v. R.T.C.*,
   938 F.2d 383 (3d Cir. 1991) .................................................................................. 3-7

*Village of Oakwood v. State Bank & Tr. Co.*,
   539 F.3d 373 (6th Cir. 2008) ................................................................................ 4-5

Statutes

12 U.S.C. § 1821(d) ........................................................................................................ 1, 4

12 U.S.C. § 1821(d)(13)(D) .................................................................................... *passim*

28 U.S.C. § 158(a)(3) .................................................................................................. 2, 7, 9

Defendant and intervenor-defendant the Federal Deposit Insurance Corporation, in its capacity as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this reply brief in further support of its motion, in the alternative, for leave to appeal Orders of the United States Bankruptcy Court for the District of Delaware (Walrath, J.), entered on July 6, 2009 (the "Orders") in these adversary proceedings.

## PRELIMINARY STATEMENT

One conclusion is clear from the Debtors' memorandum in opposition to the FDIC-Receiver's motion: the Debtors' interpretation of the jurisdictional bar provided under 12 U.S.C. § 1821(d)(13)(D), and the Bankruptcy Court ruling that adopted the Debtors' flawed reasoning, cannot be reconciled with the plain language of the statute. As a result, in their opposition the Debtors studiously avoid discussing the statutory text, mischaracterize the decisions they rely on and predicate their arguments entirely on dicta and inapposite case law.

In violation of section 1821(d)(13)(D), the claims and counterclaims asserted in the two adversary proceedings below plainly seek "a determination of rights with respect to the assets of" Washington Mutual Bank ("WMB"). Indeed, the Debtors frankly admit that their bankruptcy claims against JPMorgan Chase Bank, N.A. ("JPMC") hinge entirely on JPMC's acquisition of WMB assets from the FDIC-Receiver. Involving as they do challenges to that purchase and assumption transaction, the Debtors' claims against JPMC also obviously relate to acts or omissions of the FDIC-Receiver as WMB's receiver and are, in that way, also barred by the statute.

If the Debtors believed that the FDIC-Receiver sold assets to JPMC that actually belonged to one of them, then under 12 U.S.C. § 1821(d) the Debtors' exclusive remedy was to file a claim with the FDIC-Receiver and, if that claim was disallowed, to bring an action against

the FDIC-Receiver in district court. The Debtors did file such receivership claims, which were disallowed by the FDIC-Receiver, and they have filed a district court action against the FDIC-Receiver pursuant to the statute. The plain language of section 1821(d)(13)(D) is clear that except as thus provided, "*no court* shall have jurisdiction" over those matters, a sweeping bar that obviously includes the Bankruptcy Court. 12 U.S.C. § 1821(d)(13)(D) (emphasis added).

The Debtors make no attempt to explain how the Bankruptcy Court can exercise subject matter jurisdiction in light of these provisions. Instead, their arguments are based on cases that concern an entirely different subclause of section 1821(d)(13)(D), barring claims "for payment *from . . . the assets of*" a failed bank receivership. *See* 12 U.S.C. § 1821(d)(13)(D)(i). But that part of the statute has never been the basis for the FDIC-Receiver's arguments here.

The Third Circuit has expressly rejected the very arguments Debtors advance here, holding that section 1821(d)(13)(D) must be read in accordance with its plain language. *See Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 388-89 (3d Cir. 1994). Immediate appeal of the Orders of the Bankruptcy Court is warranted both under the collateral order doctrine or, in the alternative, under 28 U.S.C. § 158(a)(3).

## ARGUMENT

### IF THE ORDERS ARE NOT APPEALABLE AS OF RIGHT, THIS COURT SHOULD GRANT THE FDIC-RECEIVER LEAVE TO APPEAL

I.  **The Debtors' Arguments Cannot Be Squared with the Text of Section 1821(d)(13)(D) or the Cases They Rely Upon**

By its plain terms, the jurisdictional bar deprives courts of subject matter jurisdiction over *three types* of claim or action: (1) "any claim or action for payment from . . . the assets of any depository institution for which the Corporation has been appointed receiver"; (2) "any action . . . seeking a determination of rights with respect to[] the assets of any depository institution for

which the Corporation has been appointed receiver . . ."; and (3) "any claim relating to any act or omission of such institution or the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D).

The claims and counterclaims asserted in the two adversary proceedings below violate both the *second* and *third* of these provisions. Those claims plainly seek "a determination of rights with respect to the assets of" Washington Mutual Bank ("WMB"), a failed thrift for which the FDIC-Receiver has been appointed receiver. They also "relat[e] to acts or omissions of the" FDIC-Receiver by taking issue with its post-receivership sale of assets to JPMC. Yet the Debtors do not discuss those two subparts of the statute. Instead, they base their arguments on cases that concern the *first* of the three subparts, barring claims or actions for *payment from the assets* of a failed bank, which has never been a basis for the FDIC-Receiver's arguments here.

The Debtors' discussion of the case law follows the same logical flaw. For example, the Third Circuit in *Rosa v. R.T.C.*, 938 F.2d 383 (3d Cir. 1991), never held, as the Debtors assert, "that section 1821(d)(13)(D) does not bar an action against a successor bank concerning assets that it obtained out of receivership pursuant to a P&A Agreement." Debtors Opp. at 14. Indeed, the *Rosa* decision did not involve bank "assets" at all but instead concerned whether or not a successor bank could be responsible for unfunded *liabilities* of a bank pension plan.

Two previous banks could not be held responsible for those liabilities because they were in receivership and the injunction in question therefore would require "payment from . . . the assets of [a] depository institution for which the Corporation ha[d] been appointed receiver." 12 U.S.C. § 1821(d)(13)(D)(i). The third bank was not in receivership, however. As to that bank, an order requiring payment of the underfunded pension *liabilities* would not require "payment *from* . . . *the assets*" of a bank in receivership, and the jurisdictional bar therefore did

not apply. *Rosa*, 938 2d at 394. That holding is consistent with the plain language of section 1821(d)(13)(D). It is also entirely irrelevant to the case before this Court.

In contrast with our case, no part of *Rosa* could be characterized as an "action seeking a *determination of rights with respect to the assets* of any depository institution for which the Corporation has been appointed receiver . . . ." Unlike the Debtors here, no one in *Rosa* was claiming that an asset sold by the receiver to a successor bank under a purchase and assumption agreement really belonged to them, an argument that Third Circuit decisions recognize would have to be made, if at all, through the exclusive receivership claims process under section 1821(d). *See* FDIC-Receiver Opening Br. at 19-21 (collecting cases).[1]

The appellate court decision that most closely resembles this case is *Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373 (6th Cir. 2008), where the Sixth Circuit applied the jurisdictional bar to deny a similar attempt by failed bank creditors to hold an assuming bank liable for their receivership claims. As in this case, the FDIC as receiver was not initially named as a defendant. The Debtors attempt to distinguish *Oakwood* by arguing that in that case the jurisdictional bar applied because the "assets" in question were not transferred to the assuming bank. Debtors Opp. at 18-19. But the claimants in *Oakwood* were depositors whose claims sought recovery for uninsured deposit *liabilities*. Their claims, like those of the Debtors here, were barred not because their claims "concerned assets that remained in the receivership," as the Debtors mistakenly contend, but because the claims "relat[ed] to acts or omissions of the" FDIC

---

[1] Section 1821(d)(13)(D)(ii) bars "any claim relating to any act or omission of such institution or the Corporation as receiver." The *Rosa* court construed the "'relating' language of that clause to refer to claims against the very institution whose acts are challenged, which must be an institution for which the RTC has been appointed receiver." *Rosa*, 983 F.2d at 394. In *Rosa*, the third bank was not in receivership so this provision did not apply. Here, however, WMB is in receivership and the Debtors' claims against JPMC plainly "relat[e] to acts or omissions of [WMB] or the Corporation as receiver" of WMB.

as receiver even though asserted against the assuming bank. *See Village of Oakwood*, 539 F.3d at 386.

Instead of *Oakwood*, which is squarely on point, the Debtors rely on dicta in a footnote from the Third Circuit decision in *Hudson United Bank v. Chase Manhattan Bank*, 43 F.3d 843 (3d Cir. 1994), as putative authority. The Debtors did not even cite to, much less rely upon, *Hudson* in their brief before the Bankruptcy Court. This is not surprising, since the *Hudson* decision concerned the FIRREA venue provision. Now, however, the footnote is a centerpiece of the Debtors' arguments. In that footnote, the *Hudson* court wrote that in *Rosa* the court had held that "[1821(d)(13)(D)](i) applied only to claims against failed institutions while (ii) applied to claims against failed institutions specified in (i) as well as to claims against the receiver of such institutions." *Id.* at 848 n.10. Neither *Rosa* nor section 1821(d)(13)(D) is so limited, however, as the *Rosa* opinion itself makes clear. *See Rosa*, 938 F.2d at 393 ("Thus the bar embodied in clause (i) reaches (1) claims for payment from the assets of City Federal or City Savings Bank, (2) actions for payment from those assets and (3) actions *for a determination of rights with respect to those assets*.") (emphasis added). The dicta that Debtors attempt to rely on from *Hudson* does not alter that indisputable fact.[2]

The final leg of the Debtors' argument is not based on either statutory language or even a judicial decision, but instead revolves around a short quotation from a brief filed by the FDIC in opposition to certiorari in *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir. 2007). As previously discussed, *Henrichs* involved entirely different facts than this case. There, a private

---

[2] The Debtors also quote the *Hudson* court's observation that "[*Rosa*] held that claims against the receiver, as well as claims against the failed institution, were subject to the 'statutory exhaustion requirement' of administrative review." *See* Debtors' Opp. at 16 (quoting *Hudson*, 43 F.3d at 852). Nothing about this observation alters or contradicts the plain language of section 1821(d)(13)(D) or supports the erroneous ruling of the Bankruptcy Court below.

party who had acquired assets from the FDIC as receiver attempted to use the jurisdictional bar to overcome a state court quiet title judgment obtained against him. The *Henrichs* court held that the private party was not entitled to invoke the jurisdictional bar in those circumstances. *Id.* at 614-15. In opposing certiorari, the FDIC agreed that in such circumstances, the jurisdictional bar did not apply. *See* Debtors' Opp. at 17 (quoting FDIC Opposition to Certiorari).

In *Henrichs*, unlike here, no party challenged the validity of the FDIC receiver's assignment of assets, nor did anyone assert a claim relating to acts or omissions of the failed bank or the FDIC as receiver. There was, therefore, no occasion for either the Ninth Circuit in its decision, or the FDIC in its opposition to certiorari, to discuss the subparts of the jurisdictional bar that apply to the adversary proceedings here. The FDIC's argument that a private party, in those circumstances, could not invoke the jurisdictional bar cannot be extended to this case where the Debtors unquestionably seek, in Bankruptcy Court litigation rather than in the exclusive claims process of FIRREA, to collaterally attack a purchase and assumption transaction entered into by the FDIC-Receiver with a third-party bank.[3]

In sum, the Debtors cite three sources of putative authority for their argument against the application of the jurisdictional bar: first, they misread *Rosa* to develop a non-existent "rule" that the bar "does not apply to claims asserted against a successor bank (such as JPMC) that, as of the filing of the complaint, is not in receivership;" second, they point to dicta in a footnote in

---

[3] The Debtors' citation to language in *F.D.I.C. v. McFarland*, 243 F.3d 876, 887 n.42 (5th Cir. 2001), is another example of an attempt to rely on footnote dicta in a case not involving a claim covered by the plain language of the jurisdictional bar. In that case, a private party who had purchased a mortgage from the FDIC later argued that Louisiana reinscription law did not apply to mortgages held by the FDIC. Unlike this case, no one in *McFarland* contested the validity of the assignment by the FDIC as receiver of the assets in question or asserted a claim relating to acts or omissions of the FDIC as receiver. Indeed, the jurisdictional bar was not even raised as an issue in the case until oral argument. As with the Debtors' other "authority," the footnote in *McFarland* does not support the erroneous Bankruptcy Court Orders here.

*Hudson* that is inconsistent with the very opinion it attempts to summarize; finally, they cite to a snippet from a brief filed by the FDIC in a case involving an entirely distinguishable set of facts. On the other side of the argument, the FDIC-Receiver relies on the plain language of 12 U.S.C. § 1821(d)(13)(D) itself, nearly two decades of precedent in the Third Circuit enforcing FIRREA's exclusive claims process in accordance with the literal terms of the statute, and a recent Sixth Circuit decision that is directly on point.

The Bankruptcy Court Orders adopting the Debtors' flawed and insupportable arguments reflect reversible error, justifying immediate appeal either under the collateral order doctrine or, in the alternative, by permission under 28 U.S.C. § 158(a)(3).

## II. The Other Requirements of the Collateral Order Doctrine Are Clearly Satisfied

Under the collateral order doctrine, the Orders of the Bankruptcy Court are appealable as of right, even though they do not terminate the underlying litigation, because they "conclusively determine the disputed question" of whether the jurisdictional bar prevents the Bankruptcy Court from exercising subject matter jurisdiction over the adversary proceedings, they "resolve an important issue completely separate from the merits," and they would be "effectively unreviewable on appeal from a final judgment." *Praxis Props. Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 54 (3d Cir. 1991).

The Debtors concede that the erroneous Bankruptcy Court Orders "conclusively determine" the question on appeal. *See* Debtors' Opp. at 13 n.8.[4] Their argument that the

---

[4] The Debtors' footnote contention that the FDIC-Receiver is somehow precluded from asserting counterclaims against them in separate litigation pending in the District of Columbia is without merit. Among other things, the Debtors' central argument below was that the jurisdictional bar did not apply to their Bankruptcy Court claims because they were not asserting any claims against the FDIC-Receiver. To the extent necessary, the FDIC-Receiver will address the Debtors' meritless preclusion arguments in the D.C. district court; those arguments have no

Bankruptcy Court's application of the jurisdictional bar does not constitute an "important issue" is addressed above. And they do not dispute that the question presented is "completely separate from the merits" of the actions below.

The Debtors' only remaining challenge to application of the collateral order doctrine, therefore, is their contention that appeal is not warranted now because the FDIC-Receiver can address the legal error of the Bankruptcy Court's rulings on appeal after entry of final judgment. Tellingly, the Debtors do not mention, much less attempt to distinguish, the Supreme Court precedent cited in the FDIC-Receiver's opening brief applying the collateral order doctrine in circumstances such as those presented here. *See* FDIC-Receiver Br. at 11 (citing, *inter alia*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1992); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Like the qualified immunity defense in *Mitchell* and the Eleventh Amendment immunity in *Puerto Rico Aqueduct*, section 1821(d)(13)(D) protects the FDIC-Receiver from collateral litigation with respect to matters that are subject to FIRREA's exclusive receivership claims process, such as those asserted here. *Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 388 (3d Cir. 1994) ("One of the important goals of FIRREA is to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation."); *see Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994) ("While there is no need to decide here that a privately conferred right could never supply the basis of a collateral order

---

bearing on these appeals, where the Debtors have conceded this element of the collateral order standard.

appeal . . . there are surely sound reasons for treating such rights differently from those originating in the Constitution or statutes.").[5]

The Debtors' assertion that the FDIC-Receiver is not the target of their Bankruptcy Court claims misses the point. As the Third Circuit has recognized on numerous occasions, the jurisdictional bar protects the exclusivity of the FIRREA claims process by prohibiting collateral litigation of matters that are subject to that process. *See Hudson United Bank*, 43 F.3d at 849; *Praxis Prop.*, 947 F.2d at 63; *F.D.I.C. v. Shain, Schaeffer & Rafanello*, 944 F.2d 129, 134 (3d Cir. 1991). Whether or not the Debtors' collateral attack on the purchase and assumption transaction is advanced in litigation against JPMC or in litigation against the FDIC-Receiver, that collateral litigation imposes a burden on the FDIC-Receiver for which Congress granted it express statutory relief.[6]

Requiring the FDIC-Receiver to await final judgment before the legal error of the Bankruptcy Court ruling can be addressed will effectively deprive it of this statutory entitlement to be free from the burdens of such collateral litigation. *See Praxis*, 947 F.2d at 58; *see also Mitchell*, 472 U.S. at 526.

### III.    Alternatively, Leave to Appeal Should Be Granted

Even if the Orders were not appealable as of right under the collateral order doctrine, as they clearly are, the requirements for appeal by permission under 28 U.S.C. § 158(a)(3) are

---

[5] The very Supreme Court decisions the Debtors rely on establish that their attempt to equate that statutory entitlement with decisions concerning contractual rights, such as forum selection clauses and arbitration agreements, misses the mark. *Digital Equip.*, 511 U.S. at 879 (private settlement agreement); *see, e.g., Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 500 (1989) (contractual forum selection clause).

[6] The FDIC-Receiver is now a party in both of the adversary proceedings. Earlier, the FDIC-Receiver moved to intervene in the turnover proceeding solely to make the motion to stay that proceeding that is the subject of this appeal. The Debtors' argument that the FDIC-Receiver

amply satisfied. As discussed above, there are "substantial grounds for difference of opinion" as to the Orders. Immediate appeal of those Orders will not result in any "delay," but to the contrary will result in quicker resolution of these cases than would reversal after entry of final judgment for lack of subject matter. Finally, there can be no real argument that the Bankruptcy Court's unprecedented rejection of the jurisdictional bar reflects "exceptional circumstances," to the extent that is even a separate element of the standard.

## CONCLUSION

If the Bankruptcy Court's Orders are not appealable as of right, the FDIC-Receiver respectfully requests this Court to grant it leave to appeal pursuant to 28 U.S.C. § 158(a)(3).

Dated: Wilmington, Delaware
       July 31, 2009

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Robert S. Brady

Robert S. Brady (Bar No. 2847)
M. Blake Cleary (Bar No. 3614)
Jaime N. Luton (Bar No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
mbcleary@ycst.com
jluton@ycst.com

Of Counsel:

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
thomas.califano@dlapiper.com
john.clarke@dlapiper.com

Attorneys for the FDIC-Receiver

---

"elected" to participate in the litigation overlooks this fact and, in any event, is not relevant to the applicability of the jurisdictional bar.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2009, I caused a copy of the foregoing to be served in the manner indicated upon the following counsel of record:

### CM/ECF and HAND-DELIVERY

Rafael X. Zahralddin-Aravena
Neil R. Lapinski
Shelley A. Kinsella
Elliott Greenleaf
1105 North Market Street
Suite 1700
P.O. Box 2327
Wilmington, DE 19801

### FIRST-CLASS MAIL

Peter E. Calamari
Michael B. Carlinsky
Susheel Kirpalani
David Elsberg
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue
New York, NY 10010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Jaime N. Luton (Bar No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
jluton@ycst.com