IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> WASHINGTON MUTUAL, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-12229 (MFW) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver, <br><br> Appellant, <br><br> v. <br><br> WASHINGTON MUTUAL, INC., et al., <br><br> Appellees. | No. 1:09-cv-0616-GMS <br><br> BK Adv. Proc. No. 09-50551 <br> BK AP No. 09-0061 |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver, <br><br> Appellant, <br><br> v. <br><br> WASHINGTON MUTUAL, INC., et al., <br><br> Appellees. | No. 1:09-cv-0617-GMS <br><br> BK Adv. Proc. No. 09-50934 <br> BK AP No. 09-0060 |

**REPLY IN FURTHER SUPPORT OF REQUEST FOR CERTIFICATION FOR DIRECT APPEAL BY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK**

                                                M. Blake Cleary (Bar No. 3614)
                                                YOUNG CONAWAY STARGATT
                                                 &TAYLOR, LLP
                                                1000 West Street, 17th Floor
                                                Wilmington, Delaware 19801
                                                Telephone: (302) 571-6600
                                                Attorneys for the FDIC-Receiver

Dated: September 21, 2009                     (Additional counsel listed on signature page)

## Table of Contents

Page

Table of Authorities ................................................................................................................. ii

PRELIMINARY STATEMENT .................................................................................................1

I.     THIS COURT MAY GRANT THE REQUESTED CERTIFICATION ..........................2

II.    THE STANDARDS FOR DIRECT APPEAL TO THE THIRD CIRCUIT ARE AMPLY SATISFIED ...............................................................................................4

    A.    The Third Circuit Is the Best Court to Address the Parties' Divergent Readings of its Prior Decisions ...........................................................................4

    B.    The Other Criteria For Certification Also Are Satisfied ........................................9

CONCLUSION ............................................................................................................................10

# Table of Authorities

Page

### Cases

*F.D.I.C. v. Shain, Schaeffer & Rafanello,*
  944 F.2d 129 (3d Cir. 1991) ...................................................................................7

*Henrichs v. Valley View Dev.,*
  474 F.3d 609 (9th Cir.),
  *cert. denied,* 128 S. Ct. 647 (2007) ......................................................................8, 9

*Hudson United Bank v. Chase Manhattan Bank,*
  43 F.3d 843 (3d Cir. 1994) ................................................................................5, 7, 9

*National Union Fire Ins. Co. v. City Sav., F.S.B.,*
  28 F.3d 376 (3d Cir. 1994) .................................................................................5, 9

*Praxis Props. Inc. v. Colonial Sav. Bank,*
  947 F.2d 49 (3d Cir. 1991) ....................................................................................7

*Rosa v. R.T.C.,*
  938 F.2d 383 (3d Cir.), *cert. denied,* 502 U.S. 981 (1991) ..............................*passim*

*Simon & Schuster, Inc. v. Advanced Mktg. Servs.,*
  360 B.R. 429 (Bankr. D. Del. 2007) ......................................................................3

*Village of Oakwood v. State Bank & Tr. Co.,*
  539 F.3d 373 (6th Cir. 2008) ..............................................................................4, 5

*Weber v. United States Trustee,*
  484 F.3d 154 (2d Cir. 2007) ...............................................................................2, 10

### Statutes

12 U.S.C. §§ 1821(d)(6)(A) ......................................................................................7

12 U.S.C. § 1821(d)(13)(D) ..............................................................................1, 4, 7

28 U.S.C. § 158(a)(1) ...........................................................................................2, 3

28 U.S.C. § 158(a)(3) ..............................................................................................2

28 U.S.C. § 158(d)(2) .....................................................................................*passim*

Page

Other Authorities

Bankruptcy Rule 8001(f) ..................................................................................................2

Bankruptcy Rule 8001(f)(2) ..........................................................................................2, 3

Bankruptcy Rule 8003 .....................................................................................................3

Bankruptcy Rule 8007(b) ............................................................................................2, 3

H.R. Rep. No. 101-54(I), 101st Cong., 1st Sess. 418,
    *reprinted in* 1989 U.S.C.C.A.N. 86, 214 ....................................................................9

Defendant and intervenor-defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this reply in further support of its request for certification for direct appeal to the United States Court of Appeals for the Third Circuit from two Orders of the United States Bankruptcy Court for the District of Delaware entered on July 6, 2009 (the "Orders").

## PRELIMINARY STATEMENT

Far from showing that direct appeal is not warranted here, the Debtors' opposition to the FDIC-Receiver's request for certification establishes why it is. As in prior submissions, the Debtors continue to distance themselves from the actual language of the jurisdictional bar of 12 U.S.C. § 1821(d)(13)(D) and rely instead on a misreading of the Third Circuit's decision in *Rosa v. R.T.C.*, 938 F.2d 383, 393-94 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991). Neither *Rosa* nor the other cases the Debtors cite support their argument that FIRREA ceases to apply upon the completion of a purchase and assumption transaction. To the contrary, those decisions make it clear that application of the jurisdictional bar turns on whether the "claim" or "action" at issue contravenes one of the several distinct provisions of the statute. The claims asserted by the Debtors against JPMC here plainly do.

The parties disagree about what the Third Circuit held in *Rosa* and what it means for a court to apply section 1821(d)(13)(D) "literally." Yet if the Debtors truly believed that the Bankruptcy Court's ruling was justified by *Rosa*, they would have no reason to oppose review of that ruling by the Third Circuit itself. Section 158(d)(2) expressly contemplates the possibility of cooperation between adversaries to obtain immediate appellate review of significant rulings. *See* 28 U.S.C. § 158(d)(2)(B)(ii). Especially when a ruling concerns the subject matter jurisdiction of the bankruptcy court to preside over a dispute, one could imagine the benefit to all parties that

would be gained from such immediate review. *See Weber v. United States Trustee*, 484 F.3d 154, 158 (2d Cir. 2007) ("where a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by the ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear").

The Debtors' rhetoric cannot overcome the silent commentary that is provided by their opposition to direct appeal here. The Bankruptcy Court's ruling is erroneous; it cannot be reconciled with either the plain language of the statute or the Third Circuit's decisions applying it. Immediate appeal will allow the Third Circuit itself to address the parties' competing readings of its prior decisions regarding the jurisdictional bar. The standards under 28 U.S.C. § 158(d)(2) are met, and the Orders should be certified for direct appeal.

## I. THIS COURT MAY GRANT THE REQUESTED CERTIFICATION

This Court is "the court in which the matter is pending" under Bankruptcy Rule 8001(f) and therefore is the proper court to certify the Orders for direct appeal. The Debtors' contention that "it is not clear that the FDIC has filed the Request before the appropriate court" disregards the language of the very rule they purport to rely upon.

Under Bankruptcy Rule 8001(f)(2),

> A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). *A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of any appeal taken under 28 U.S.C. § 158(a)(1)* or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3)"

Bankruptcy Rule 8001(f)(2) (emphasis added). The Debtors do not dispute – because they cannot – that the FDIC-Receiver timely filed notices of appeal from the Orders pursuant to 28 U.S.C. § 158(a)(1). Similarly, there is no dispute, nor could there be, that the record on

appeal has been transmitted to this Court and that the FDIC-Receiver's appeals have been docketed here "in accordance with Rule 8007(b)." *See* D.I. 8.

In mistakenly questioning this Court's authority to issue a certification for direct appeal, the Debtors never mention these facts and never discuss the relevant language of the applicable Bankruptcy Rule. *See* Debtors' Opp. at 8. These appeals are properly before this Court under 28 U.S.C. § 158(a)(1), and this Court, not the Bankruptcy Court, therefore has jurisdiction to grant certification. Indeed, because the appeals have been docketed here, the Bankruptcy Court no longer has jurisdiction to even consider such a request. *See* Bankruptcy Rule 8001(f)(2) ("A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists *shall be filed in the court in which the matter is pending* for purposes of 28 U.S.C. § 158(d)(2) and this rule.") (emphasis added).

There is, therefore, no need for this Court to first decide the FDIC-Receiver's motion, in the alternative, for leave to appeal from the Orders, as the Debtors contend. Under the Bankruptcy Rules, the Third Circuit would have appellate jurisdiction over a direct appeal from the Orders even in the unlikely event that the appellate court later determined that the collateral order doctrine did not apply. *See* Bankruptcy Rule 8003 ("If leave to appeal is required by 28 U.S.C. § 158(a) and has not earlier been granted, the authorization of a direct appeal by a court of appeals under 28 U.S.C. § 158(d)(2) shall be deemed to satisfy the requirement for leave to appeal.").[1]

---

[1] Bankruptcy Judge Sontchi's decision in *Simon & Schuster, Inc. v. Advanced Mktg. Servs.*, 360 B.R. 429 (Bankr. D. Del. 2007), cited by the Debtors, is inapposite. In that case, the bankruptcy court decided not to interfere with the district court's consideration of a pending motion for leave to appeal and therefore declined to decide a contemporaneous request for certification. Here, both the FDIC-Receiver's request for certification and its motion, in the alternative, for leave to appeal are made to this Court and none of the comity concerns are present that motivated Judge Sontchi to defer to the district court there.

## II. THE STANDARDS FOR DIRECT APPEAL TO THE THIRD CIRCUIT ARE AMPLY SATISFIED

### A. The Third Circuit Is the Best Court to Address the Parties' Divergent Readings of its Prior Decisions

The Third Circuit has, on several occasions, instructed that the jurisdictional bar of 12 U.S.C. § 1821(d)(13)(D) is to be applied literally. The Third Circuit has not had occasion, however, to determine whether a court has jurisdiction over claims asserted against an acquiror bank that contravene the language of that statutory bar. Nor has the Third Circuit addressed whether an unwritten bankruptcy exception to the jurisdictional bar can be implied, as the Bankruptcy Court erroneously held.

In their effort to stave off appellate review of the lower court's ruling, the Debtors avoid discussing the plain and unambiguous text of 12 U.S.C. § 1821(d)(13)(D) and instead rely on a misreading of the Third Circuit's decision in *Rosa* to fashion a non-existent "rule" that the jurisdictional bar ceases to apply after a failed bank's assets are sold in a purchase and assumption agreement. *See* Debtors Opp. at 10 (mistakenly asserting that *Rosa* held that "FIRREA's jurisdictional bar does not apply to claims asserted against a successor bank (such as JPMC) that is not in receivership"). Neither the Third Circuit nor any of its sister Circuits has so held. To the contrary, the only court of appeals decision to have addressed the issue directly held that allowing a claimant to pursue barred claims against an acquiror bank, as the Bankruptcy Court did here, "would encourage the very litigation that FIRREA aimed to avoid." *Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (internal quotation omitted).[2]

---

[2] The Debtors' suggestion that *Village of Oakwood* somehow conflicts with Third Circuit authority is simply wrong. Both the Sixth Circuit in *Village of Oakwood* and the Third Circuit in the numerous cases discussed have applied the jurisdictional bar in accordance with the statutory

The Third Circuit's decisions in *Rosa*, *National Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376 (3d Cir. 1994) and *Hudson United Bank v. Chase Manhattan Bank*, 43 F.3d 843 (3d Cir. 1994), show that application of the jurisdictional bar requires a court to evaluate the "claim" or "action" presented in a given case, an analysis that the Debtors want to avoid in favor of their unsupportable "rule" that the bar ends upon the consummation of a purchase and assumption agreement. The FDIC-Receiver's certification request did not "alter[] the statute's structure" or "splice[] the jurisdictional bar into three rather than two prongs." Debtors Opp. at 11. To the contrary, the Third Circuit itself has analyzed the jurisdictional bar by setting forth the statute's different subprovisions in order to determine whether a specific "claim" or "action" was barred under any of them. *See Nat'l Union*, 28 F.3d at 394 ("The above language bars jurisdiction over four categories of actions: (1) claims for payment from assets of any depository institution for which the RTC has been appointed receiver; (2) actions for payment from assets of such depository institution; (3) actions seeking a determination of rights with respect to assets of such depository institution; and (4) a claim relating to any act or omission of such institution or the RTC as receiver."); *Rosa*, 938 F.2d at 393 ("the bar embodied in clause (i) reaches (1) claims for payment from the assets of City Federal or City Savings Bank, (2) actions for payment from those assets and (3) actions for a determination of rights with respect to those assets.").

In *Rosa*, three different failed banks were subject to an injunction directing them to make contributions to an underfunded pension plan. Although there had been purchase and assumption transactions between the successive banks, that fact was not at issue in the Third Circuit's analysis. Instead, the court of appeals examined the claims that were asserted against each of the three banks and considered whether each was a "claim" or "action" that fell within

---

text, *see id.* at 386, and there is no disharmony between the holding in *Village of Oakwood* and

the plain language of the bar. The first two banks were in receivership. As a result, "no court" had jurisdiction to order those banks to pay underfunded pension liabilities since such an order would require "payment from . . . the assets of [a] depository institution for which the Corporation ha[d] been appointed receiver," in violation of the statute. *Rosa*, 938 F.2d at 393-94. The third bank was not in receivership, however, and an order requiring that bank to contribute funds to cure a pension plan's underfunded liabilities would not require "payment from . . . the assets" of a bank in receivership. The jurisdictional bar therefore did not apply. *Rosa*, 938 2d at 394.

No one has argued that the Debtors' claims against JPMC in this case are barred because they require "payment from the assets" of a failed bank. In contrast with the action for an injunction in *Rosa*, however, the Debtors' claims here *do* seek "a determination of rights with respect to" the assets of a depository institution for which the FDIC has been appointed receiver, that is, Washington Mutual Bank. *See Rosa*, 938 F.2d at 394 (concluding that claims against third bank did not seek "a determination of rights with respect to the assets for which RTC has been appointed receiver").

In *Rosa*, no one claimed ownership of an asset that had been sold by the receiver to a successor bank under a purchase and assumption agreement. There was no claim in *Rosa* "asserting title to (rather than payment from) assets of a successor bank not in receivership," and the Debtors' assertion that "it cannot be seriously questioned" that *Rosa* held such claims to be outside of the scope of the jurisdictional bar has no basis in the *Rosa* decision itself. *See* Debtors' Opp. at 13. In fact, if an entity claims that it is the rightful owner of failed bank assets that were sold by the FDIC as receiver, its exclusive remedy is to file a claim against the

---

the actual decision in *Rosa*, as opposed to the Debtors' characterizations of it.

receivership and, if that claim is disallowed, to file an action in one of two specified federal district courts seeking a judicial determination of the claim. 12 U.S.C. §§ 1821(d)(6)(A), 1821(d)(13)(D); *see Hudson*, 43 F.3d at 849; *Nat'l Union*, 28 F.3d at 383 ("we have characterized the jurisdictional restriction contained in § 1821(d)(13)(D) as a statutory exhaustion requirement: in order to obtain jurisdiction to bring a claim in federal court, one must exhaust administrative remedies by submitting the claim to the receiver in accordance with the administrative scheme for adjudicating claims detailed in § 1821(d)") *Rosa*, 938 F.2d at 391-92 (same); *Praxis Props. Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 63 (3d Cir. 1991); *F.D.I.C. v. Shain, Schaeffer & Rafanello*, 944 F.2d 129, 134 (3d Cir. 1991).

The Debtors here assert precisely such claims. The Debtors have sued JPMC directly for assets that the Debtors believe should not have been sold by the FDIC-Receiver because, the Debtors allege, those assets are their property.[3] It is therefore demonstrably untrue that "[t]here is no meaningful difference between the Debtors' claims and the plaintiffs' claims in *Rosa*," as the Debtors contend. *See* Debtors' Opp. at 12. Indeed, the fact that the Debtors have asserted virtually indistinguishable claims against the FDIC-Receiver in the receivership claims process merely underscores the Debtors' understanding, before it suited their purpose to argue otherwise, that their claims are subject to the FIRREA claims process and its jurisdictional bar.[4]

---

[3] *See* Answer and Counterclaims, ¶¶ 93-103 (for recovery from JPMC of WMI's pre-receivership capital contributions to WMB); *id.*, ¶¶ 104-138 (for recovery from JPMC of trust preferred securities); *id.*, ¶¶ 139-152 (for recovery from JPMC of alleged pre-receivership preferential transfers from WMI to WMB); *id.*, ¶¶ 167-171 (seeking declaratory judgment that tax refunds, deposit balances, goodwill litigation, pension and benefit plans and intangible assets were not purchased by JPMC pursuant to the P&A Agreement).

[4] *See* District Court Compl., ¶¶ 25-28 (seeking recovery from FDIC-Receiver of WMI's pre-receivership capital contributions to WMB); *id.*, ¶¶ 29-35 (seeking recovery of trust preferred securities from FDIC-Receiver); *id.*, ¶¶ 36-40 (asserting preference claims against FDIC-Receiver); *id.*, ¶¶ 20-24, 47-50, 52-57 (asserting claims against FDIC-Receiver for tax refunds, deposit balances, pension and benefit plans).

Similarly misguided is the Debtors' attempt to rely upon *Rosa* to evade application of the "act or omission" subprovision of the jurisdictional bar. Unlike the plaintiffs' claims in *Rosa*, the Debtors' claims against JPMC here directly "relat[e] to . . . act[s] or omission[s]" of the FDIC-Receiver, namely, the sale by the FDIC-Receiver to JPMC of assets that the Debtors contend to have been their property. That the Debtors' Bankruptcy Court litigation against JPMC is just a collateral attack on actions of the FDIC-Receiver is illustrated most clearly by the Debtors' claim asking the Bankruptcy Court to unwind the entire P&A Agreement as an allegedly fraudulent transfer. *See* Answer and Counterclaims, ¶¶ 153-61. In support of that claim, the Debtors allege that WMI has standing to assert it as a creditor of WMB. *See id.*, ¶ 154. But under FIRREA, the only remedy available to creditors of WMB is to assert a claim against the WMB receivership, not against an acquiror bank.

The Ninth Circuit's decision in *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir.), *cert. denied*, 128 S. Ct. 647 (2007), provides no support for the Debtors' position. The test for certification asks whether "there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." 28 U.S.C. § 158(d)(2)(A)(i). As already discussed, there is none. Further, in *Henrichs*, unlike here, no party challenged the validity of the FDIC receiver's assignment of assets, nor did anyone assert a claim relating to acts or omissions of the failed bank or the FDIC as receiver. There was, therefore, no occasion for either the Ninth Circuit, or the FDIC in its opposition to certiorari, to discuss the subparts of the jurisdictional bar at issue here.[5]

---

[5] Section 1821(d)(13)(D)(i) includes the phrase "including assets which the Corporation may acquire from itself as such receiver." This provision extends the protection of the jurisdictional bar to the FDIC in its corporate capacity when it acquires assets from a receivership. The inclusion of the phrase in the statute, however, does not support the Debtors' argument that the jurisdictional bar ceases to apply upon the consummation of a purchase and

Finally, there is nothing in 28 U.S.C. § 158(d)(2) to suggest that direct appeal is not warranted when "purported distinctions are heavily dependent on the particular facts of the cases," as the Debtors contend. *See* Debtors' Opp. at 14. It is customary for the court of appeals to conduct the type of analysis of its prior decisions that it will be called upon to perform here. The need to do so does not warrant denial of certification.

### B.     The Other Criteria For Certification Also Are Satisfied

Appeal of the Bankruptcy Court's Orders unquestionably involves a matter of public importance. The Bankruptcy Court's reading of the jurisdictional bar subverts its very purpose – to prevent collateral litigation of issues that are subject to FIRREA's exclusive and centralized claims process. Under the Bankruptcy Court's interpretation, any disappointed receivership claimant could simply proceed with litigation against the assuming bank under a purchase and assumption agreement rather than adhering to FIRREA's procedural requirements. The ruling threatens to impose on the FDIC the very burden that Congress sought to relieve. *See Hudson*, 43 F.3d at 849; *Nat'l Union*, 28 F.3d at 388; H.R. Rep. No. 101-54(I), 101st Cong., 1st Sess. 418-19, *reprinted in* 1989 U.S.C.C.A.N. 86, 214-15.[6]

Finally, immediate Third Circuit review will clearly advance this litigation. The Bankruptcy Court lacks subject matter jurisdiction over the adversary proceedings. A Third Circuit reversal now will spare all parties the years of delay that would inevitably result from a later reversal.

---

assumption agreement, nor does the FDIC's argument in opposing certiorari in *Henrichs* support such a conclusion. *See* Debtors' Opp. at 15 n.11. The Third Circuit repeatedly has recognized that application of the jurisdictional bar turns on the nature of the "claim" or "action" asserted, an approach that is entirely consistent with this statutory clause and with the FDIC's arguments in its *Henrichs* opposition brief.

## CONCLUSION

As set forth in the FDIC-Receiver's request for certification, the issue presented in these appeals is especially appropriate for direct review by the court of appeals. The appeals "raise controlling questions of law, concern matters of public importance, and arise under circumstances where a prompt, determinative ruling might avoid needless litigation." *Weber v. United States Trustee*, 484 F.3d 154, 158 (2d Cir. 2007). The FDIC-Receiver respectfully requests that this Court certify the Orders for direct appeal to the Third Circuit.

Dated: Wilmington, Delaware
      September 21, 2009

Of Counsel:

COLLEEN J. BOLES
Assistant General Counsel
LAWRENCE H. RICHMOND
Senior Counsel
BARBARA SARSHIK
Counsel
FEDERAL DEPOSIT INSURANCE
  CORPORATION
Legal Division
3501 Fairfax Drive, VS-D-7014
Arlington, VA 22226
(703) 562-2309

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: _____
    M. Blake Cleary (Bar No. 3614)
    Jaime N. Luton (Bar No. 4936)

The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mbcleary@ycst.com
jluton@ycst.com

- and -

Thomas R. Califano
John J. Clarke, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the FDIC-Receiver

---

[6] The Debtors mistakenly contend that any burden imposed on the FDIC-Receiver from the Debtors' litigation against JPMC will be of the FDIC-Receiver's making. The FDIC-Receiver is a named defendant, not an intervenor, in both adversary proceedings.

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed a true and correct copy of the **Reply in Further Support of Request for Certification for Direct Appeal by Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Rafael X. Zahralddin-Aravena, Esq.
Neil Raymond Lipinski, Esq.
Shelley A. Kinsella, Esq.
Elliot Greenleaf
P.O. Box 2327
Wilmington, Delaware 19899
(Counsel for Washington Mutual, Inc. and WMI Investments Corp.)

David B. Stratton, Esq.
Evelyn J. Meltzer, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
(Counsel for Official Committee of Unsecured Creditors)

I further certify that on September 21, 2009, I served the **Reply in Further Support of Request for Certification for Direct Appeal by Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank** on the following non-registered participants by First Class Mail:

Peter E. Calamari, Esq.
Michael B. Carlinsky, Esq.
Susheel Kirpalani, Esq.
David Elsberg, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
51 Madison Avenue
New York, New York 10010
(Counsel for Washington Mutual, Inc. and WMI Investments Corp.)

Laurence Z. Shiekman, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(Counsel for Official Committee of Unsecured Creditors)

/s/ M. Blake Cleary
M. Blake Cleary (No. 3614)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
mbcleary@ycst.com

*Attorneys for Appellant*